UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In the Matter of the ESTATE OF DANIEL
KELLY,

                             Plaintiff,

                    -against-

DONNA GAGLIANO,

                            Defendant.
------------------------------------------------------------------X

**ORDER**

**13-CV-6077 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is the Motion to Remand to State Court filed by Plaintiff, the Administrator of the Estate of Daniel Kelly. (Dkt. 3.) For the following reasons, Plaintiff's motion is GRANTED.

## I. BACKGROUND

Defendant Donna Gagliano is the ex-wife of the Decedent Daniel Kelly ("Decedent"). (Pl.'s Memo. in Supp. of Mot. to Remand (Dkt. 3) ("Pl.'s Mem.") at 2.) As part of their divorce proceedings, Defendant and Decedent entered into a Separation and Settlement Agreement concerning their assets. (Id. at 2-3.) After Decedent's death, Plaintiff brought this action against Defendant in Richmond County Surrogate Court for return of assets that he claimed belonged to the Estate. Plaintiff's Verified Petition and Order to Attend were served on Defendant on March 29, 2011. (Id. at 4 & Ex. B.) On June 18, 2012, by summary judgment order, the Surrogate Court ruled that in the Separation and Settlement Agreement, Defendant had waived her interest in Decedent's assets, including his retirement benefits, and ordered Defendant to return those monies to the Estate. (Id. Ex. G at 5-6.) Due to Defendant's failure to comply, Plaintiff subsequently filed an order to show cause and petition for contempt of the Surrogate Court's

1

summary judgment order, which was endorsed by the Surrogate Court and served on Defendant on October 9, 2013. (Id. at 5 & Ex. I.) Defendant then removed the action to this court on November 1, 2013. (Not. of Removal (Dkt. 1).) Subsequent to removal, the Surrogate Court continued to issue orders in the case.

On November 26, 3013, Plaintiff filed a Motion to Remand to State Court. On March 4, 2014, Defendant filed a Motion for Preliminary Injunction, seeking protection from various orders issued by the Surrogate Court after November 1, 2013, the date of removal. (Mot. for Prelim. Inj. (Dkt. 4) ¶¶ 25-27.) Defendant claimed the Richmond County Surrogate had "ordered [her] to appear before him for incarceration on March 12, 2014," and requested a hearing on the motion before that date. (Id. at ¶ 18.) To ensure that removal jurisdiction was properly established, this court ordered Defendant to respond to Plaintiff's remand motion (Mar. 5, 2014, Order). On March 7, 2014, Defendant filed a Reply Affirmation in Opposition to Remand. ("Def.'s Opp'n" (Dkt. 5).)

## II.  REMOVAL STANDARD

A removable claim is one over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Among such claims are federal question cases, defined as "civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Under the well-established "well-pleaded complaint" rule, federal question jurisdiction is present only when a plaintiff's complaint pleads claims under federal law or the Constitution. Gully v. First National Bank, 299 U.S. 109 (1936); Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.") Defenses based on federal law do not authorize removal to federal court. Gully,

299 U.S. at 113 ("[T]he complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.") This generally includes the defense of federal preemption.[1] Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). In addition, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for arising under jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 831 (2002).

The burden of establishing that a case is within the federal court's removal jurisdiction is on the removing defendant. Irving Trust Co. v. Century Exp. & Imp., S.A., 464 F. Supp. 1232, 1236 (S.D.N.Y. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). Furthermore, "where the action sought to be removed first arose as a motion before the state court in a related proceeding, rather than as a separate complaint, the party seeking removal must [also] prove the existence of an action separate and independent from the related proceeding." Fox & Horan v. Beiny, No. 92-CV-2067 (LJF), 1992 WL 168261 (S.D.N.Y. June 29, 1992) (citing First Nat'l Bank v. Turnbull & Co., 83 U.S. (16 Wall.) 190 (1873)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991) (citing Shamrock, 313 U.S. at 108-09).

To remove an action from state court, a defendant must file a notice of removal in federal court within thirty days after the receipt of the first pleading in the state action that sets forth a

---

[1] One exception to this rule is "that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). As discussed within this order, this exception does not apply to probate matters, which are almost exclusively within the province of state courts.

removable claim. 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### III. DISCUSSION

#### A. Timeliness

Defendant removed this action to this court within thirty days of being served on October 9, 2013, with an Order to Show Cause and contempt order. She attests that she "waited for said event to occur so that the threat of imprisonment would ripen into the subject federal enforcement issue proceeding." (Def.'s Opp'n ¶ 4.) Defendant argues that this contempt order represented an "actual attempt to attach or illegally seize a duly awarded death benefit from a primarily named designee in violation of Supreme Court precedent and therefore provides the basis for removal." (Id. ¶ 5.) Defendant further avers that her "liberty is being jeopardized in an illegal and unconstitutional attempt to circumvent the anti-attachment aspects of an award to a duly named beneficiary [and she] contends that this unprecedented threat of loss of liberty, never mind property, is the event that triggers her time for seeking proper federal removal." (Id. ¶ 7.) Defendant maintains that her position is strengthened by the fact of the Surrogate Court's continuation with proceedings at the state court level even after removal to this court on November 1, 2013. (Id.)

In sum, Defendant argues that removal is proper because the Surrogate Court misapplied federal law in ruling that Defendant must return certain federal benefits to the Estate and "unconstitutionally" threatened to hold her in contempt for failure to comply. Assuming that this

4

argument is a valid basis for removal, it flows from Defendant's original dispute that the Estate's claim to federal benefits paid out to Defendant is preempted by federal law. This federal issue should have been apparent to Defendant when she was served with the Estate's petition on March 29, 2011, or arguably at the latest on June 3, 2013, when the Supreme Court decided Hillman v. Maretta, 133 S. Ct. 1943 (2013), if the case announced a change of federal law that applied to her case. The fact that the Surrogate Court bolstered its June 18, 2012, judgment and order with a contempt order served on October 9, 2013, does not suddenly create a federal issue on that later date. To the extent there is a federal question in this case, it was ascertainable from the pleadings or orders filed years before the contempt order. Defendant's Notice of Removal was not filed within the thirty-day deadline and is therefore untimely.

### B.     Federal Jurisdiction

Even if Defendant's Notice of Removal were timely, this court would still not have jurisdiction. In her Notice of Removal, Defendant cites 28 U.S.C. §§ 1332(a), 1441, 1446, as bases for removal (Not. of Removal at 1). Section 1332(a) articulates the requirements for diversity jurisdiction, but Plaintiff had put forward no facts in her removal notice or response to the motion to remand to establish that these requirements are met in this case. Accordingly, the court will not asses this basis for jurisdiction. Section 1446 sets forth the procedure for removal of a civil action, but does not itself confer jurisdiction. Therefore the court will consider whether removal was proper under § 1441's federal question jurisdiction.

Probate actions have long been excluded from the jurisdiction of the federal courts. See Markham v. Allen, 326 U.S. 490, 494 (1946) ("[A] federal court has no jurisdiction to probate a will or administer an estate.") A "probate exception" exists, which permits federal jurisdiction over "suits to determine the rights of creditors, legatees, heirs, and other claimants against a

5

decedent's estate, so long as the federal court does not interfere with the probate proceedings." Marshall v. Marshall, 547 U.S. 293, 311 (2006). But the Supreme Court has held that this exception still "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate" while allowing federal courts to "adjudicate[e] matters outside those confines and otherwise within federal jurisdiction." Id.

This action concerns probate matters, which are well-established to be within the province of state courts. See Markham, 326 U.S. at 494. It was brought by the Administrator of the Decedent's Estate in order to determine whether Defendant was withholding assets that were property of the Estate. (Verified Petition at ¶ 2.) From Plaintiff's petition, there is no indication that Plaintiff's claims rest on federal or constitutional law, or that Plaintiff has attempted to hide the true federal basis for his claims through "artful pleading." See Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 271 (2d Cir. 2005) (citing Rivet v. Regions Bank of La., 522 U.S. 470, 475-76 (1998)). Instead Plaintiff bases his claim on the New York Surrogate's Court Procedure Act. (See Pl.'s Mem. at 3.) This area of the law is generally governed by state law, and under the well-pleaded complaint rule, Plaintiff does not add any federal claims that would give rise to a federal question. Defendant, who bears the burden of establishing removal jurisdiction, has not argued otherwise.

Defendant contests Plaintiff's claims and the Surrogate Court's orders by citing federal law articulated in Hillman and Ridgeway v. Ridgeway, 454 U.S. 46 (1981). But this does not mean the action "arises under" federal law, as Defendant raises the federal issue as a defense. Because a federal defense does not create federal question jurisdiction, see Gully, 299 U.S. at 113, Defendant's attempt to interpose federal law cannot serve as a basis for removal jurisdiction.

That Defendant's liberty is threatened by an allegedly unconstitutional contempt proceeding does not make removal proper. Because the contempt proceeding is "merely auxiliary" to the original proceeding in Surrogate Court, it may not be removed as a separate civil action under § 1441. See First Nat'l Bank, 83 U.S. at 190. Defendant's relief lies within the state appeals process. New York courts can capably apply federal law, and even in the event that they err, federal district courts do not sit as an appellate body for the state courts. The removal statutes are to be "narrowly" construed, and the court will not read them to allow it to interfere with state court matters simply because Defendant disagrees with the outcome of her case and has refused to comply with the state court's order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED and Defendant's Motion for a Preliminary Injunction is DENIED as this court lacks jurisdiction to consider it. The entire action is REMANDED to the Richmond County Surrogate Court. The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of Court of New York Surrogate Court, Richmond County, 18 Richmond Terrace, Staten Island, New York 10301 and to close the case in this court. 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: Brooklyn, New York
March 11, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge